Alvarracin Navas v. Blanche

BIA
Perl, IJ
A240 479 259/260

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand twenty-six.

PRESENT:
> JOHN M. WALKER, JR.,
> STEVEN J. MENASHI,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

JOHANNA PRICILA ALVARRACIN
NAVAS, N.K.J.A.,
> *Petitioners,*

v.                                          **24-176**
                                            **NAC**

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*\*

_____

\* The Clerk of Court is respectfully directed to amend the caption as set forth above.

**FOR PETITIONERS:**        Rafael Urena, Urena & Associates, Brooklyn, NY.

**FOR RESPONDENT:**      Brian M. Boynton, Principal Deputy Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Shelley K.G. Clemens, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Johanna Pricila Alvarracin Navas and her minor child, natives and citizens of Ecuador, seek review of a January 3, 2024, decision of the BIA affirming an October 24, 2022, decision of an Immigration Judge ("IJ") deeming any application for asylum and related relief abandoned, and denying their motion to continue their merits hearing. *In re Alvarracin Navas*, Nos. A 240 479 259/260 (B.I.A. Jan. 3, 2024), *aff'g* Nos. A 240 479 259/260 (Immigr. Ct. N.Y.C. Oct. 24, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's

2

enforcement of a deadline and its denial of a continuance for abuse of discretion. *See Roman v. Garland*, 49 F.4th 157, 166–67 (2d Cir. 2022) (continuance); *Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008) (deadline). An abuse of discretion will be found if the agency's "decision rests on an error of law . . . or a clearly erroneous factual finding" or if the decision "cannot be located within the range of permissible decisions." *Roman*, 49 F.4th at 167 (quotation marks omitted).

## I.    Abandonment of Applications

An IJ has "broad discretion to set and extend filing deadlines pursuant to 8 C.F.R. § 1003.31." *Dedji*, 525 F.3d at 191. "If an application . . . is not filed within the time set by the immigration judge, the opportunity to file that application . . . shall be deemed waived." 8 C.F.R. § 1003.31(h).

Here, the IJ warned Alvarracin Navas in June 2022 that she had until October 10, 2022, to file an application for asylum through the immigration court's electronic case-management system. Alvarracin Navas does not dispute that she failed to file an application with the immigration court by that deadline, that she did not move for an extension, that her submission of a partial application to U.S. Citizenship and Immigration Services to comply with biometric requirements was insufficient to meet the deadline, and that her motion for a continuance of her

3

hearing did not relieve her of her obligation to meet the deadline. *See* 8 C.F.R. § 1003.31(f) ("All documents that are to be considered in a proceeding before an immigration judge must be filed with the immigration court having administrative control over the Record of Proceeding."). Those issues are thus abandoned. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

Instead, Alvarracin Navas argues that her failure to file an application by the deadline was the result of ineffective assistance of counsel. As the Government argues, this ineffective assistance of counsel claim is unexhausted and not properly before us. *See Arango-Aradondo v. I.N.S.*, 13 F.3d 610, 614 (2d Cir. 1994) (requiring ineffective assistance of counsel claims to be raised before the BIA in the first instance). Alvarracin Navas did not raise her ineffective assistance of counsel claim on appeal to the BIA, and while not jurisdictional, administrative exhaustion is "mandatory" when the Government invokes it. *Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023). Accordingly, if she wishes to pursue that claim further, she must first move to reopen before the agency. *See Yang v.*

4

*Gonzales*, 478 F.3d 133, 142 (2d Cir. 2007) ("We generally require that ineffective assistance claims be presented in the first instance to the BIA, either through a motion to reopen or on direct appeal."); *see also Rashid v. Mukasey*, 533 F.3d 127, 130–31 (2d Cir. 2008) (recognizing that time limit for reopening may be equitably tolled based on ineffective assistance of counsel).

## II.   Denial of a Continuance

"IJs are accorded wide latitude in calendar management," *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006), and an IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29.   But to prevail on a challenge to the denial of a continuance to obtain evidence or apply for relief, a petitioner must "make a reasonable showing that the lack of preparation occurred despite a diligent good faith effort to be ready to proceed," and "that any additional evidence [s]he seeks to present is probative, noncumulative, and significantly favorable" to her.   *Matter of Sibrun*, 18 I. & N. Dec. 354, 356 (B.I.A. 1983).   She must also show that the denial of a continuance "caused . . . actual prejudice and harm and materially affected the outcome of [her] case."   *Id.* at 356–57.[1]

---

[1] Because Alvarracin Navas sought a continuance to obtain evidence, her reliance on the

5

As the BIA found, Alvarracin Navas's motion for a continuance did not reflect "a diligent good faith effort to be ready to proceed." *Id*. at 356. Her motion stated only that it was "taking longer than expected" to receive documents from Ecuador—she did not provide any information about when requests were made or to whom, what efforts were made to follow up, or why they were delayed. Certified Admin. Rec. at 164. Moreover, while Alvarracin Navas asserted before the BIA that the delay related to the COVID-19 pandemic, she did not offer that same explanation in her motion for a continuance before the immigration judge. And in any case, her attorney had agreed to an October 2022 hearing in June of that year—that is, over two years after the start of the pandemic. So any COVID-19 related delay was not unexpected.

As to the significance of the evidence sought and prejudice, Alvarracin Navas abandoned her asylum claim by not filing an application (or requesting a filing extension) by the IJ's deadline. She also does not dispute that she could have (and that competent counsel would have) filed an application by the deadline without the evidence that she sought a continuance to obtain. As the agency

_____

standard for a continuance to pursue collateral relief is misplaced. *See Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 407 (A.G. 2018).

6

reasoned, because the application was already abandoned, her difficulty obtaining additional evidence to support it was not good cause for a continuance, and she could not show that the denial of a continuance affected the outcome of her case. But even setting aside abandonment, Alvarracin Navas did not demonstrate prejudice because she has not shown that her proposed application had potential merit. She has not identified what her asylum claim would be or how any additional evidence would help establish it. Absent such information, there is no basis to conclude that her application might have been granted.[2]

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[2] A due process claim would fail for the same reasons. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (requiring a showing of prejudice to state a due process claim).

7